THE FINANCE COMPANY OF IOWA, Appellant v. FRANK ANDERSON & COMPANY, *et al.*

**Landlord and Tenant:** LEASE. A clause in a lease providing that live stock and growing crops on the premises shall be security for the sums due or to become due from the lessees to the lessor arising out of the lease "as evidenced by book account or note held by the lessor," secures only such claims as are evidenced by such book account or note.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 18, 1898.

THE firm of Frank Anderson & Co. is composed of Frank Anderson, A. H. Parsons, and George O. West. Frank Anderson & Co. made its note to the plaintiff, and this action is to recover thereon, aided by an attachment. A. H. Parsons and George O. West, of the firm of Anderson & Co., constitute the firm of Parsons & West, and were lessees of a farm, known as the "Barlow Hall Farm," with the intervener A. K. Barlow as lessor. The lease expired March 25, 1894. The firm of Parsons & West was succeeded by Parsons & West Company, a corporation, after March 25, 1894, and became lessee of the Barlow Hall farm, under a new lease, for one year. On the farm, at the commencement of this suit, was hay, raised in the years 1892 and 1893, known in the record as the "old hay," on which the writ of attachment was levied. A. K. Barlow intervenes, claiming a lien on said hay superior to the lien of the attachment, because of a provision of the lease to that effect. The district court sustained the lien of intervener Barlow as prior to the attachment, and, from such holding, the plaintiff appealed.—*Reversed.*

The attachment was also levied on hay and corn raised on the farm in 1894, and Parsons & West Company intervened, claiming the ownership thereof freed from the lien of the attachment. The answer of plaintiff to such intervention petition, among other matters, denied its corporate capacity. The district court held the company not to be a corporation, that defendants Parsons & West owned the property, and denied intervener's right to it. From such a holding, the intervener appealed.—*Affirmed.*

*William Milchrist* for plaintiff.

*Geo. Conway* for intervener A. K. Barlow.

*J. P. Blood & Co.* and *Lynn & Foley* for intervener Parsons & West Co.

GRANGER, J.—I. We first notice plaintiff's appeal, which alone concerns the claims of plaintiff and intervener

Barlow to the old hay. The intervener's only right to the hay is by virtue of what is called a "mortgage clause" in the lease, as follows: "All live stock and crops growing or in stack, crib, or granary, on said premises, shall be security for the sums due or to become due, from the parties of the second part to the party of the first part, arising out of this agreement, as evidenced by book account or note held by party of the first part." A contention arises over the words "as evidenced by book account or note held by party of the first part." Appellee insists that the only claims secured by the clause quoted from the lease are such as are evidenced by book account or note; while appellant contends that such a construction is narrow, and that the proper construction is that the provision secures all "claims arising out of the agreement." If the words on which appellant relies as a limitation should be stricken from the lease, it would read and mean just what appellee claims; so that, if we adopt his construction, we must treat the words "as evidenced by book account or note" as without meaning. The word "as" is sometimes used for "when." See Standard Dictionary. Substitute the word "when" for "as," and the meaning would be clear that the lien would only attach to claims arising out of the agreement evidenced in a particular manner. Appellee's thought is that the words "as evidenced by book account or note" were used only "to show that, even if a note were taken for the rent, that would make no difference in the obligation created." The words are not apt, or even proper, to express such a thought. They are rather against it, and especially so when that would be the meaning without their use; for, omitting the words as to book account and note, and we have a lease with precisely appellee's meaning, and so plainly so as not to be open to construction. We know of no rule or theory on which the words can be disregarded, and, if a meaning is given them, it must be that claimed by appellant. We conclude that appellee is not entitled to a lien by virtue of the lease.

II. We next consider the appeal of Parsons & West Company, intervener. The district court held the company not to be a corporation, and that defendants A. H. Parsons and George O. West owned the property attached. An issue on this branch of the case is that the property attached is owned by A. H. Parsons and George O. West, or by the firm of Parsons & West, composed of said persons, and that any transfer of said property to Parsons & West Company was without consideration, and for the purpose of defrauding the creditors of said A. H. Parsons and George O. West. Parsons & West, as a firm, and the individual members, are parties defendant; and the finding by the court that the defendants own the property means that Parsons & West owns it. The finding has such support in the evidence that, in a law action, we should not interfere. In fact, the conclusion seems entirely just.

On plaintiff's appeal the judgment is REVERSED. On intervener's it is AFFIRMED.

ROBINSON and LADD, JJ., took no part.